CLARK, HAROLD R., Associate Judge.
Appellants seek review of an order discharging trustees of a testamentary trust after appointment of a successor trustee and approval of accountings of the resigning trustees. We affirm.
Part of the confusion in the trial court was occasioned by attempts of the parties to comply with Florida Rule of Civil Procedure 1.627. That rule applied only to trust accountings filed under the old trust qualification statutes existing prior to the revision of Chapter 737 by the 1974 Florida Legislature. Florida Rule of Civil Procedure 1.627 no longer applies to proceedings to approve trust accountings and should be repealed.
Appellants contend that the trial court erred in approving the final accounting and two court-ordered supplemental account-ings and ultimately in discharging the trustees. Southeast properly commenced proceedings by filing a complaint pursuant to section 737.205, Florida Statutes, initially *1188 for instructions as to the disposition of trust assets but soon amended for leave to resign, approval of accounts and appointment of a successor trustee. Section 737.205, Florida Statutes, is unambiguous:
Trust proceedings; commencement.
Proceedings concerning trusts shall be commenced by filing a complaint and shall be governed by the rules of civil procedure.
When Southeast amended its complaint it should have attached the account for which it sought approval. Fla.R.Civ.P. 1.130(a). Defendant beneficiaries timely answered. They might have moved to dismiss the amended complaint for failure of Southeast to attach its account. Fla.R.Civ.P. 1.140(b). The account was subsequently filed. The hearing on September 30, 1979, on the amended complaint and answers, including the accounting, was not designated as a final hearing but the case was at issue. Southeast complied with defendant beneficiaries’ insistence that Southeast move for summary judgment. The trial court found that the beneficiaries failed to sufficiently oppose, by affidavit or otherwise, the entry of the summary judgment approving the final accounting and acceptance of the resignation of the trustees. Fla.R.Civ.P. 1.510(c).
By the summary judgment the parties were directed to submit names of corporate fiduciaries willing to serve as a successor trustee. Present trustees were directed to file a supplemental accounting and a hearing was set for the consideration of the supplemental accounting and the appointment of a successor trustee. Although the court may have provided for the filing of the supplemental accounting prior to the hearing and fixing a time for serving and filing objections to the supplemental accounting, no timely objection to the procedure was made.
From the beginning of this litigation the apparent objection of the Frasers was not to the supplemental accountings but to the past management of the trust property for periods covered by accountings previously filed and approved under the old trust accounting law. Objections to specific past actions of the trustees were never stated in this litigation and the beneficiaries chose not to attempt to have those previous accountings reopened and reconsidered. We do not suggest that such relief might have been available or appropriate if it had been sought. The trial court in this litigation considered only what was properly presented to it for determination.
Accordingly, the order of February 22, 1978, discharging the trustees is affirmed.
ORFINGER and COBB, JJ., concur.